59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Steven R. SCHAAF, Petitioner-Appellant,
v.
Samuel LEWIS, Respondent-Appellee.
 No. 94-16295.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 15, 1995.*
Decided June 19, 1995.
 
 Before: HUG, ALARCON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven R. Schaaf ("Schaaf") appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus challenging his murder conviction in the State of Arizona. The district court denied the petition in an order adopting a lengthy and well-considered report by the magistrate judge. Schaaf filed a timely notice of appeal, and the district court filed a certificate of probable cause. We have jurisdiction under 28 U.S.C. Sec. 2253. We affirm the district court's dismissal of Schaaf's petition for a writ of habeas corpus.
 
 
 3
 First, Schaaf urges us to review the district court's initial order dismissing his petition without prejudice, rather than its second order dismissing his petition with prejudice. He argues that the district court had lost the jurisdiction to vacate its first order dismissing his petition because Schaaf had already filed his notice of appeal. We recently decided a case squarely on point:
 
 
 4
 Ordinarily, a notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal. However, an appeal from the denial of a habeas petition cannot proceed until the district court issues or denies a certificate of probable cause. Therefore, the district court retained jurisdiction over [Schaaf's] habeas petition until it certified the appeal.
 
 
 5
 Christian v. Rhode, 41 F. 3d 461, 470 (9th Cir. 1994) (internal citations omitted). Until the certificate of probable cause was issued by the district court, we could not proceed with the appeal. Id. Thus the district court still had jurisdiction over Schaaf's habeas petition and could therefore vacate its initial order despite Schaaf's notice of appeal. We conclude the district court did have jurisdiction to vacate its initial order of dismissal and to remand the matter to the magistrate judge for further proceedings. We therefore review the district court's second order dismissing Schaaf's petition with prejudice.
 
 
 6
 Next, we conclude that the only exhausted claim cognizable by us is the issue of whether the trial court violated the Interstate Agreement on Detainers ("IAD") by excluding from the statutory time calculations the days between the withdrawal and substitution of Schaaf's counsel. Interstate Agreement on Detainers, Pub. L. 91-538, Sec. 2, Dec. 9, 1970, reprinted in 18 U.S.C. App; codified at Ariz. Rev. Stat. Ann. Sec. 31-481 (West 1986). We agree with the district court that all the other claims Schaaf raises were not fairly presented to the highest court of Arizona, and are now procedurally barred by Arizona law. Because Schaaf has not made a colorable claim of factual innocence, nor has he shown cause or prejudice for his failure to exhaust these claims, we are barred from considering these other claims on the merits. Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 7
 On the merits of the sole issue before us, Schaaf argues that the state violated the IAD by not trying him within the time prescribed by the statute. A state prisoner may obtain federal habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. Sec. 2254(a). The IAD is both a state law and a law of the United States. Carchman v. Nash, 473 U.S. 716, 719 (1985); Cuyler v. Adams, 449 U.S. 433, 442 (1981). If Schaaf was not tried within the time prescribed under the IAD, the state court's failure to observe the IAD time restrictions would not be cognizable under Sec. 2254 if Schaaf registered no objection. Reed v. Farley, 114 S. Ct. 2291, 2299 (1994) (plurality). But at the pretrial hearing where Schaaf was informed of the substitution of his counsel, Schaaf did unambiguously register his objection to any continuation of his trial date. The United States Supreme Court has not yet decided whether an alleged violation of the IAD's speedy trial prescriptions is cognizable under Sec. 2254 where the defendant does make a timely objection. Reed v. Farley, 114 S. Ct. at 2300 (plurality). Thus we consider the merits of Schaaf's appeal.
 
 
 8
 On the eve of trial, Schaaf's attorney filed a motion to withdraw because he had just been appointed a judge. The trial court granted the motion, and within a week appointed the Federal Public Defender. The trial court then treated the motion to withdraw as a motion for continuance, and granted the continuance for the period of 6 or 7 days from the time Schaaf's attorney moved to withdraw to the day the trial court first held a pretrial hearing with the Public Defender and Schaaf in attendance. Those days were excluded from the time calculations under the relevant speedy trial statutes, including the IAD.
 
 
 9
 We conclude that the continuance granted by the trial court upon the withdrawal and substitution of Schaaf's attorney was within the time prescribed by the IAD. Article III(a) of the IAD provides that "for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." The parties do not dispute that the continuance was granted in open court nor that the trial court had jurisdiction over the matter. We conclude the trial court continued the trial date for good cause, despite Schaaf's persistent requests for a speedy trial. This was a capital case; the stakes were high. It was not until long after the trial court's grant of a continuance upon the withdrawal and substitution of Schaaf's counsel that Schaaf ever expressed a desire to represent himself. Thus at the time Schaaf's initial counsel withdrew and the Public Defender was appointed, it was manifestly necessary and reasonable as well to continue the trial until his new attorney could familiarize himself with the case. (Schaaf argues that the trial court was not empowered to grant an unasked-for continuance, sua sponte. We conclude, however, that nothing in the IAD precludes a sua sponte continuance granted by the trial court for good cause.)
 
 
 10
 Schaaf was tried within the time prescribed by the IAD. Thus the trial court did not violate the IAD. We find no statutory violation of the IAD; thus we need not reach any claim premised on a violation of Schaaf's constitutional right to a speedy trial, because the parties do not challenge the constitutionality of the IAD. Schaaf is not entitled to habeas relief and the district court's dismissal is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3